IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JUDY G. HEUGEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:22-cv-01152-LY |
| TRANS UNION, LLC, and VICTORY MANAGEMENT SERVICES, LLC, | § § § § | |
| Defendants. | § § | |

**DEFENDANT TRANS UNION LLC'S AMENDED
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Trans Union LLC ("Trans Union") and files its Amended Answer and Defenses to Plaintiff's Complaint filed by Judy G. Heugel ("Plaintiff"). The paragraph numbers below correspond to the paragraph numbers contained in Plaintiff's Complaint ("Complaint")" to the extent possible.  Trans Union admits that Plaintiff has asserted claims against Defendants for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.  Trans Union denies the remaining allegations contained in the introductory paragraph of the Complaint.

**JURISDICTION AND VENUE**

1.     Trans Union admits that jurisdiction is proper in this Court.  Trans Union also admits that Plaintiff has asserted claims against Defendants for alleged violations of the FCRA, 15 U.S.C. § 1681 *et seq*.  Trans Union denies the remaining allegations contained in paragraph 1 of the Complaint.

2.     Trans Union admits, solely based on the allegations contained in Plaintiff's Complaint, that venue is proper in the Western District of Texas.  Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint and, therefore, denies same.

3. Trans Union admits that it is authorized to do business within the State of Texas. Trans Union also admits that jurisdiction is proper in this Court. Trans Union denies the remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Trans Union admits that Plaintiff is a natural person and "a consumer" as defined in 15 U.S.C. § 1681a(c). Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 4 of the Complaint and, therefore, denies same.

5. Trans Union admits that it is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C. § 1681a(f). Trans Union admits that it is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Chicago, Illinois. Trans Union further admits that its registered agent in Illinois is Prentice-Hall Corporation. Trans Union denies the remaining allegations contained in paragraph 5 of the Complaint.

6. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies same.

7. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint and, therefore, denies same.

## FACTUAL ALLEGATIONS

8. Trans Union restates and incorporates its responses to paragraphs 1 through 7 above as though fully stated herein.

9. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint and, therefore, denies same.

10. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint and, therefore, denies same.

11. Trans Union admits that at certain limited times, Victory Management has reported account #...1724 to Plaintiff's Trans Union credit file. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the Complaint and, therefore, denies same.

12. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint and, therefore, denies same.

13. Trans Union admits that on March 19, 2022, Victory Management reported account #...1724 to Plaintiff's Trans Union credit file with a balance of $392. Trans Union denies the remaining allegations contained in paragraph 13 of the Complaint.

14. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies same.

15. Trans Union denies the allegations contained in paragraph 15 of the Complaint.

16. Trans Union denies the allegations contained in paragraph 16 of the Complaint.

17. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint and, therefore, denies same.

6017152.1

18. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and, therefore, denies same.

19. Trans Union admits that on March 19, 2022 it received correspondence from Plaintiff regarding Victory Management account #...1724. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 of the Complaint and, therefore, denies same.

20. Trans Union admits that on March 19, 2022 it received correspondence from Plaintiff regarding Victory Management account #...1724. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20 of the Complaint and, therefore, denies same.

21. Trans Union admits that it forwarded Plaintiff's correspondence received on March 19, 2022 to Victory Management with all relevant information. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of the Complaint and, therefore, denies same.

22. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint and, therefore, denies same.

23. Trans Union admits that on March 25, 2022, it sent Plaintiff its reinvestigation results. Trans Union also admits that, in those reinvestigation results, Victory Management verified account #...1724. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of the Complaint and, therefore, denies same.

24. Trans Union denies the allegations contained in paragraph 24 of the Complaint.

25. Trans Union denies the allegations contained in paragraph 25 of the Complaint.

26. Trans Union admits that on March 28, 2022 it received correspondence from Plaintiff regarding Victory Management account #...1724. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 26 of the Complaint and, therefore, denies same.

27. Trans Union admits that on March 28, 2022 it received correspondence from Plaintiff regarding Victory Management account #...1724. Trans Union denies the remaining allegations contained in paragraph 27 of the Complaint.

28. Trans Union admits that, in response to Plaintiff's correspondence received on March 28, 2022, Victory Management verified account #...1724. Trans Union denies the remaining allegations contained in paragraph 28 of the Complaint.

29. Trans Union denies allegations contained in paragraph 29 of the Complaint.

30. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint and, therefore, denies same.

31. Trans Union denies the allegations contained in paragraph 31 of the Complaint.

32. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint and, therefore, denies same.

33. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and, therefore, denies same.

34. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint and, therefore, denies same.

35. Trans Union admits that it has received correspondence from Plaintiff regarding Victory Management accounts #...1724 and #...5761. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 35 of the Complaint and, therefore, denies same.

36. Trans Union admits that it has received correspondence from Plaintiff regarding Victory Management account #...5761 that contained enclosures. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of the Complaint and, therefore, denies same.

37. Trans Union admits that it has forwarded correspondence received from Plaintiff to Victory Management with all relevant information. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of the Complaint and, therefore, denies same.

38. Trans Union admits that it has forwarded correspondence received from Plaintiff to Victory Management with all relevant information. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 38 of the Complaint and, therefore, denies same.

39. Trans Union denies the allegations contained in paragraph 39 of the Complaint.

40. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint and, therefore, denies same.

41. Trans Union denies the allegations contained in paragraph 41 of the Complaint.

42. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and, therefore, denies same.

43. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and, therefore, denies same.

44. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies same.

45. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and, therefore, denies same.

46. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and, therefore, denies same.

47. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and, therefore, denies same.

48. Trans Union denies the allegations contained in paragraph 48 of the Complaint.

49. Trans Union denies the allegations contained in paragraph 49 of the Complaint.

50. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint and, therefore, denies same.

51. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and, therefore, denies same.

52. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and, therefore, denies same.

53. Trans Union denies the allegations contained in paragraph 53 of the Complaint and, therefore, denies same.

54. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and, therefore, denies same.

55. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and, therefore, denies same.

56. Trans Union denies the allegations contained in paragraph 56 of the Complaint.

57. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and, therefore, denies same.

58. Trans Union denies the allegations contained in paragraph 58 of the Complaint.

59. Trans Union admits that on August 15, 2022, it received correspondence from Plaintiff regarding a Victory Management account. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the Complaint and, therefore, denies same.

60. Trans Union denies the allegations contained in paragraph 60 of the Complaint.

61. Trans Union admits that in response to its requests, Victory Management has verified its account reporting on Plaintiff's Trans Union credit file. Trans Union denies the remaining allegations contained in paragraph 61 of the Complaint.

62. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint and, therefore, denies same.

63. Trans Union denies the allegations contained in paragraph 63 of the Complaint.

64. Trans Union denies the allegations contained in paragraph 64 of the Complaint.

65. Because of the vague and generalized nature of the allegations, Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint and, therefore, denies same.

66. Trans Union denies the allegations contained in paragraph 66 of the Complaint.

67. Trans Union admits that at certain limited times, Plaintiff's Trans Union credit file has contained a Regular Inquiry by CRB Upgrade, dated October 28, 2022. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 67 of the Complaint and, therefore, denies same.

68. Trans Union admits that at certain limited times, Plaintiff's Trans Union credit file has contained a Regular Inquiry by CRB Upgrade, dated October 28, 2022. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 68 of the Complaint and, therefore, denies same.

69. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and, therefore, denies same.

70. Trans Union denies the allegations contained in paragraph 70 of the Complaint.

6017152.1

71. Trans Union denies the allegations contained in paragraph 71 of the Complaint.

## COUNT I

72. Trans Union restates and incorporates its responses to paragraphs 1 through 71 above as though fully stated herein.

73. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 73 of the Complaint.

74. Trans Union denies the allegations contained in paragraph 74 of the Complaint.

75. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint and, therefore, denies same.

76. Trans Union denies the allegations contained in paragraph 76 of the Complaint.

77. Trans Union denies the allegations contained in paragraph 77 of the Complaint.

78. Because of the vague and generalized nature of the allegations, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint and, therefore, denies same.

79. Trans Union denies the allegations contained in paragraph 79 of the Complaint.

80. Trans Union denies the allegations contained in paragraph 80 of the Complaint.

81. Trans Union denies the allegations contained in paragraph 81 of the Complaint.

82. Trans Union denies the allegations contained in paragraph 82 of the Complaint.

83. Trans Union denies the allegations contained in paragraph 83 of the Complaint.

## COUNT II

84. Trans Union restates and incorporates its responses to paragraphs 1 through 83 above as though fully stated herein.

85. The provisions of the FCRA are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 85 of the Complaint.

86. Trans Union denies the allegations contained in paragraph 86 of the Complaint.

87. Trans Union denies the allegations contained in paragraph 87 of the Complaint.

88. Trans Union denies the allegations contained in paragraph 88 of the Complaint.

89. Trans Union denies the allegations contained in paragraph 89 of the Complaint.

90. Trans Union denies the allegations contained in paragraph 90 of the Complaint.

91. The provisions of the FCRA and case law interpreting it are self-evident and speak for themselves. Trans Union denies the allegations contained in paragraph 91 of the Complaint.

92. Trans Union denies the allegations contained in paragraph 92 of the Complaint.

93. Trans Union denies the allegations contained in paragraph 93 of the Complaint.

94. Trans Union denies the allegations contained in paragraph 94 of the Complaint.

95. Trans Union denies the allegations contained in paragraph 95 of the Complaint.

## **COUNT III**

96. Trans Union restates and incorporates its responses to paragraphs 1 through 95 above as though fully stated herein.

97. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint and, therefore, denies same.

98. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint and, therefore, denies same.

6017152.1

99. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint and, therefore, denies same.

100. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint and, therefore, denies same.

101. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint and, therefore, denies same.

102. Trans Union admits that in March 2022 and April 2022, it forwarded correspondence received from Plaintiff to Victory Management with all relevant information. Trans Union is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 102 of the Complaint and, therefore, denies same.

103. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and, therefore, denies same.

104. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and, therefore, denies same.

105. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and, therefore, denies same.

6017152.1

106. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and, therefore, denies same.

107. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and, therefore, denies same.

108. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and, therefore, denies same.

109. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and, therefore, denies same.

110. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the Complaint and, therefore, denies same.

111. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint and, therefore, denies same.

112. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and, therefore, denies same.

## **TRIAL BY JURY**

113. Trans Union admits that Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

Trans Union denies the allegations contained in the Prayer for Relief paragraph of the Complaint.

**DEFENSES**

114.   At all relevant times, Trans Union maintained and followed reasonable procedures to avoid violations of the FCRA and assure maximum possible accuracy of the information concerning Plaintiff in preparing consumer reports related to Plaintiff.

115.   Any alleged damages to Plaintiff, which Trans Union continues to deny, are the result of the acts or omissions of Plaintiff or others, over whom Trans Union has no control and for whom Trans Union has no responsibility.

116.   Trans Union, in compliance with the FCRA, reasonably and completely reinvestigated and verified, updated, or removed all information disputed by Plaintiff.

117.   Trans Union at all times acted in compliance with the FCRA.

118.   Plaintiff's claims for exemplary or punitive damages and the FCRA damage model violate the Due Process Clause of the Fourteenth Amendment and the laws of the State of Texas.

119.   In the event that a settlement is reached between Plaintiff and any other party, Defendant Trans Union is entitled to any settlement credits permitted by law.

120.   Any alleged damages to Plaintiff, which Trans Union continues to deny, were caused in whole or in part by an intervening or superseding cause.

WHEREFORE, PREMISES CONSIDERED, Defendant Trans Union LLC, respectfully requests that this Honorable Court deny the relief requested in Plaintiff's Complaint, dismiss the action in its entirety, grant Trans Union its costs of suit and expenses incurred herein, including reasonable attorneys' fees, and for such other and further relief as the Court deems just.

Respectfully submitted,

*/s/ Paul W. Sheldon*

**PAUL W. SHELDON**
Texas Bar No 18191480
psheldon@qslwm.com
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER, P.C.**
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 560-5453
(214) 871-2111 Fax
*Counsel for Trans Union LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of January 2023 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David A. Chami<br>david@pricelawgroup.com<br>Price Law Group APC<br>8245 N. 85th Way<br>Scottsdale, AZ 85258<br>(818) 600-5515<br>(818) 600-5415 Fax<br>***Counsel for Plaintiff*** | Cody Jack Lewis<br>clewis@hbwvlaw.com<br>Hayes, Berry, White & Vanzant, LLP<br>512 W. Hickory, Suite 100<br>Denton, TX 76201<br>(940) 387--3518<br>***Counsel for Victory Management Services, LLC*** |

*/s/ Paul W. Sheldon*
**PAUL W. SHELDON**

16